UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY WELKER,

    Plaintiff,

                              Case No. 08-14786
-vs-                                   HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**MEMORANDUM AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND
AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

This is a Social Security case. Plaintiff Kimberly Welker ("Welker") appeals from the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security benefits. Welker claims to have been disabled since June 26, 2004 due to carpal tunnel syndrome, thoracic nerve palsy, herniated disc, canal stenosis, sciatica, depression, and post-traumatic stress. Her insured status ended on June 30, 2006.

The parties filed cross motions for summary judgment. The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Welker's motion for summary judgment be denied and that the

1

Commissioner's motion for summary judgment be granted. Welker filed timely objections to the MJRR.

Ordinarily the Court would schedule this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2). For the reasons that follow, the Court will adopt the MJRR. The Commissioner's motion will be granted. Welker's motion will be denied. The case will be dismissed.

## II. Background

### A.

The MJRR sets forth the facts, which are not repeated here.

Welker filed a disability claim on June 8, 2005 alleging a June 26, 2004 onset of disability. Welker says that she is disabled due to carpal tunnel syndrome, thoracic nerve palsy, herniated disc, canal stenosis, sciatica, depression, and post-traumatic stress. This is her fourth application for disability benefits. Welker's insured status expired on June 30, 2006. Therefore the relevant time period for the Court's review is July 26, 2004 through June 30, 2006.

A hearing was held before an Administrative Law Judge (ALJ) on March 17, 2008. The ALJ issued a decision denying benefits on May 13, 2008. Review was denied by the Appeals Council on September 19, 2008.

### B.

Welker then brought this action for judicial review, arguing that the ALJ (1) improperly discounted the opinions of her treating physicians and (2) improperly evaluated the restrictions identified by her treating psychiatrist. The MJ rejected

Welker's arguments. The MJ found that the ALJ gave sufficient weight to the opinions of Welker's treating physicians and appropriately discounted evidence that was obtained after the expiration of her insured status. The MJ also found that the ALJ incorporated the opinions of Welker's treating psychologist and accounted for the mental limitations that were identified. The MJ determined that the ALJ's decision was supported by substantial evidence and recommended that Welker's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted.

### III. Standard of Review

Judicial review of a denial of a social security benefits application is limited to determining whether "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Commissioner of Social Security., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). "[T]he decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported the opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1235 (6th Cir. 1993). The substantial evidence standard

"presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference from the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. See 28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Federation of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

## IV. Analysis

Welker raises two objections to the MJRR. First, she asserts that the MJ and ALJ improperly discounted the testimony of her treating physician, Dr. Frederick Wurster (Wurster), and the longitudinal analysis that he provided. Second, she asserts that the MJ and ALJ failed to consider her mental impairments. There arguments are without merit. As explained below, the ALJ discounted Wurster's longitudinal study because it relied upon evidence obtained after Welker's insured status expired and the ALJ did consider and accommodate Welker's mental impairments.

### A. Dr. Wurster's Opinion

**1.**

**a.**

It is well established in the Sixth Circuit that a treating physician's opinion is given greater weight than those of physicians who examine a claimant only once or who are hired for the purpose of litigation. Jones v. Secretary of Health & Human Services., 945 F.2d 1365, 1370 n.7 (6th Cir. 1991). A treating physician's opinion is given deference only when it is supported by objective clinical evidence. Warner v. Commissioner of Social Security, 375 F.3d 387, 390 (6th Cir. 2004).

**b.**

To establish a disability under the Social Security Act, a claimant must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, an individual must be insured to receive disability insurance benefits. See Id. § 423(a)(1)(A). An individual is insured if "he had not less than 20 quarters of coverage during the 40-quarter period. Id. § 423(c)(1)(B)(I).

**2.**

Welker claims that the ALJ and MJ did not give sufficient weight to Dr. Wurster's longitudinal analysis. Dr. Wurster served as Welker's treating physician for more than 18 years. Dr. Wurster's longitudinal analysis incorporated all of his medical findings, up to the date the report was issued. Dr. Wurster concluded that Welker could not sit, stand, or walk for a sustained period, could not lift more than five pounds occasionally, and required complete freedom to rest as necessary. The longitudinal analysis was completed in February 2008, nearly two years after Welker's insured status expired.

**1. The ALJ Properly Discounted Wurster's Conclusions**

Because Dr. Wurster is Welker's treating physician, his medical opinions are to be given great weight. However, the Commissioner may not consider conditions that fall outside of the disability period. Henley v. Commissioner of Social Security, 58 F.3d 210, 213 (6th Cir. 1995) ("The administrative law judge properly limited consideration of [petitioner's] condition to the last date of his insurability. . . . When one loses insured status, one is simply no longer eligible for benefits for disability arising thereafter.").

Even if Dr. Wurster's analysis was "based upon the entirety of [his] work" dating back to the 1990s, it incorporated information obtained after Welker's insured status had expired. In fact, Dr. Wurster indicated that his conclusions were based largely on the results of a November 19, 2007 MRI exam. Because Dr. Wurster's conclusions depended upon medical analysis that took place after Welker's insured status expired, the ALJ was not required to give it great weight.

### 2. Dr. Wurster's Medical Opinion Was Given Appropriate Weight

Even though the ALJ and MJ discounted the conclusions of Dr. Wurster's longitudinal analysis, they gave appropriate weight to his opinions as they related to Welker's alleged period of disability. In August 2005, Welker was able to tolerate all the exercises during physical therapy and could perform them correctly and without guidance. In January 2006 Dr. Wurster recommended conservative treatment. On June 27, 2006 – three days before Welker's insured status expired – Dr. Wurster reported that Welker was "doing well" and that she was feeling "really good." In April 2007 Welker complained of back pain; Dr. Wurster continued her prescription medication and advised moist heat and ice. In a September 2007 Dr. Pavolavi, a specialist treating Welker, stated in a letter to Dr. Wurster that she had been doing well until July 2007 when she developed back and leg pain.

The records identified by the ALJ, including Dr. Wurster's observations, support the conclusion that Welker was not disabled as of June 30, 2006 when her insured status expired. Further the medical evidence shows that her condition deteriorated in the second half of 2007. Therefore, any evidence obtained after July 2007 – including the November 17, 2009 MRI – does not provide an accurate reflection of Welker's

medical condition while she was still insured. Because there is substantial evidence, including Dr. Wurster's own observations, to support a finding that Welker was not disabled as of June 30, 2006 the Commissioner's finding are conclusive.

### B. Welker's Mental Limitations

Welker also claims that the ALJ and MJ "failed to consider [her] mental impairments." This is simply not the case. The MJRR specifically addressed the report of Dr. Grosenbach, Welker's treating psychologist, and found that it did not identify any limitations related to her ability to engage in gainful activity. The ALJ stated that "in regard to any possible mental impairment I agree with Dr. Tsai's assessment that prior to June 30, 2006, it would not be 'severe.'".

The record contains only a single report from Dr. Grosenbach, although he was listed as a treating psychologist from 2000 to 2003. Dr. Grosenbach opined that she suffered from ADHD and depression. No anxiety attacks were reported. His evaluation addressed her ability to concentrate at school; it did not specifically address her ability to work. While his report may be susceptible to different interpretations, the ALJ's conclusion that the report did not show an impairment that would prevent Welker from engaging in light, unskilled work is reasonable.

Because Grosenbach's analysis was not directed to an employment setting, the ALJ acted reasonably in relying on the findings of Dr. T. Tsai, a State of Michigan reviewing health professional, who assessed Welker in 2005. Dr. Tsai indicated that Welker's medical condition was "not severe" and "mild." His report did not indicate any other disorder. Further, Welker has never been hospitalized, psychologically decompensated, or had another event indicating a severe mental impairment that would

affect her ability to engage in light unskilled labor.  There is no direct evidence from Dr. Grosenbach's report that Welker would be unable to perform light, unskilled work.

Contrary to Welker's assertion, the ALJ and MJ both considered her mental impairments in determining that she was not disabled.  They recognized her mental limitations, but found that they did not preclude her from performing light, unskilled work.  This conclusion is supported by substantial evidence.

### V.  Conclusion

For the reasons above, the Court finds the Commissioner's decision was supported by substantial evidence, SSA regulations were followed, and there was no prejudice to Welker on the merits nor deprivation of a substantial right.  The MJRR is ADOPTED.  Plaintiff's motion for summary judgement is DENIED. Defendant's Motion is GRANTED.  The case is DISMISSED.

SO ORDERED.

      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  March 29, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 29, 2010, by electronic and/or ordinary mail.

      s/Julie Owens
Case Manager, (313) 234-5160